UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20624-CIV-HOEVELER

MAXIMILLIAN ABREU, DARIO SILVESTRO,
MICHELLE ZAPATA, CIRCE C. RAYMOND,
EUNICE URAMIARE, FRANCISCO R. ARRUNATEGUI,
JAVIER OITANA, JULIO CHENG, LEONARDO ARRAEZ,
AND CARLOS RAMIREZ, on their own behalves
and others similarly situated,

    Plaintiffs,
v.

RUSSIAN PALACE, INC., a Florida Profit Corporation
and DMITRI KOTIKOVSKI, individually,

    Defendants.
_____/

## ORDER GRANTING, IN PART, PLAINTIFFS' MOTION FOR DEFAULT FINAL JUDGMENT AGAINST RUSSIAN PALACE, INC.

THIS CAUSE comes before the Court on the Plaintiffs' Motion for Default Final Judgment, filed January 15, 2013. A default was entered by the Clerk of the Court on October 3, 2012, at the request of the Plaintiffs, as to Defendant Russian Palace, Inc., after Defendant failed to comply with this Court's order of August 20 which directed the Defendant to notify the Court of new counsel within thirty days. On February 7, 2013, Defendant Kotikovski filed a motion seeking to reschedule a status conference which had been set in this matter, and purported to do so on his own behalf and also on behalf of Defendant Russian Palace, Inc. However, as noted in this Court's prior Order, "a corporation 'is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel,'"

quoting <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381 (11th Cir. 1985). As the corporate Defendant has failed to appear in this action in a timely manner, the Court finds that the corporate Defendant is in default and the entry of default judgment against that Defendant is appropriate. The Court now turns to a determination as to the amount of the judgment to be entered.

This case was filed under the Fair Labor Standards Act ("FLSA"), 29, U.S.C. § 201 et seq. According to the Complaint, Plaintiffs were employed by Defendants, Russian Palace, Inc. and Dmitri Kotikovski, at various times between 2010 and 2012. Plaintiffs allege Defendants have failed to compensate them for regular weekly wages as well as overtime compensation. The FLSA provides that any employer who fails to pay wages and/or overtime compensation will be liable for any damages. 29 U.S.C § 216(b). It also provides that any employee who is involved in interstate commerce and who works more than forty (40) hours per week shall be entitled to receive additional compensation for their employment not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1).

Plaintiff Javier Oitana claims to have worked as a cook from November 1, 2011, through January 15, 2012, (eleven weeks) at an average of 84 hours at $700.00 per week. Plaintiff Oitana alleges he was not paid his weekly $700.00 salary for the last five weeks of employment and did not receive any compensation for the additional 44 hours worked per week.[1] Accordingly,

---

[1] The Court finds the Complaint is vague and contains contradictory statements as to the relief sought by the Plaintiffs. At a status conference, held on February 25, 2013, the Plaintiffs' counsel was advised and given an opportunity to correct inconsistencies found in some of the Plaintiffs affidavits. As of

Plaintiff Oitana is owed $3,500.00 in unpaid wages ($700 per week x five weeks) and $2,018.28 in unpaid overtime wages ($8.33/2 = $4.17, $4.17 x 44 hours = $183.48 per week; $183.48 x eleven weeks = $2018.28). The Court also awards Plaintiff Oitana liquidated damages of $5,518.28. The total awarded to Oitana is $11,036.56.

Plaintiff Michelle Zapata claims to have worked from November 1, 2011, through January 9, 2012, (ten weeks)[2] at an average of 90 hours at $600.00 per week.[3] Plaintiff Zapata, who was employed as a manager, alleges she was not paid her weekly $600.00 salary for the last four weeks of work and did not receive any overtime compensation for the additional 50 hours of labor.[4] Accordingly, Plaintiff Zapata is owed a total of $2,400.00 in unpaid wages ($600 x four weeks). The Court also grants Plaintiff Zapata liquidated damages in the amount of $2,400.00. The total award to Zapata is $4,800.00.

---

today's date, there has been no attempt to correct the inconsistent affidavits. Counsel is cautioned in the future to review and state the desired relief in a clear and concise manner. Despite these discrepancies, the Court has ruled in favor of the Plaintiffs and has interpreted paragraphs 27, 30, and 38 of the Complaint as a request for payment of unpaid wages. (Compl. ¶27, 30-8).

[2] The Motion for Entry of Default Judgment claims Plaintiff Zapata worked nine (9) weeks for Defendants; however, the accurate total of weeks employed is 10. (Mot. ¶2).

[3] The Court finds that Plaintiff Zapata's hourly wage rate is well below the required federal and state minimum wage rates (Federal minimum wage rate was $7.25 in 2011 and 2012, Florida minimum wage rate was $7.25 in 2011 and $ 7.67 in 2012, but Plaintiff was paid $6.67 per hour in 2011 and 2012). United States Department of Labor Wage and Hour Division, *Changes In Basic Minimum Wages*, WAGE AND HOUR DIVISION(WHD) (May 15, 2013, 10:30 AM), http://www.dol.gov/whd/state/stateMinWageHis.htm. However, Plaintiff Zapata has made no request to receive the difference between her paid wage rate and the minimum wage rate. Therefore, the Court will not grant this relief at this time.

[4] In Plaintiff Zapata's affidavit she states "I understand that I would not normally be entitled to recover any compensation for my overtime hours worked." (Aff. ¶5). Therefore, the Court awards Plaintiff Zapata unpaid wages only.

3

Plaintiff Maximillian Abreu, who was employed as an executive chef, claims to have worked from October 10, 2010, through January 9, 2012, (65 weeks) for an average of 105 hours at $1,500.00 per week. Plaintiff Abreu alleges he was not paid for overtime and was not paid for the last four weeks of employment.[5] Accordingly, Plaintiff Abreu is owed a total of $6,000.00 ($1,500.00 x four weeks). The Court grants Plaintiff Abreu liquidated damages of $6,000.00. The total award to Abreu is $12,000.00.

Plaintiff Eunice Uramiare, who was employed as a cook, claims to have worked from January 21, 2012, through April 4, 2012, (ten weeks) for an average of forty (40) hours per week at $13.00 per hour. Plaintiff Uramiare alleges she was not paid for 177 hours (48 hours in January 2012 and 129 hours in March 2012). Accordingly, Plaintiff Uramiare is owed a total of $2,301.00 ($624.00 (($13.00 x 48 hours) for January hours) + $1,677.00 (($13.00 x 129 hours) for March hours)). The Court also grants Plaintiff Uramiare liquidated damages of $2,301.00. The total award to Uramiare is $4,602.00.

Plaintiff Francisco Arrunategui, who was employed as an executive chef, claims to have worked from January 6, 2012, through March 30, 2012, (ten weeks) for a total of 112 hours at $900.00 per week. Plaintiff Arrunategui alleges he was not compensated for the last four weeks of employment and for the additional 72 overtime hours. Accordingly, Plaintiff Arrunategui is owed $3,600.00 ($900 x four weeks) for unpaid weekly salary and $2,894.40 ($4.02 x

---

[5] In Plaintiff Abreu's affidavit he states "I understand that I would not normally be entitled to recover any compensation for my overtime hours worked." The Court, therefore, awards Plaintiff Abreu unpaid wages only. (Aff. ¶6).

4

72 hours = \$289.44; \$289.44 x ten weeks) in overtime compensation; total of \$6,494.40. The Court also grants Plaintiff Arrunategui liquidated damages of \$6,494.40. The total award to Arrunategui is $\underline{\$12,988.80}$.

Plaintiff Leonardo Arraez, who was hired as a cook, claims to have worked from November 16, 2010, through January 15, 2011, (eight weeks) for a total of 87 hours at \$600.00 per week.[6] Plaintiff Arraez alleges he was not paid for either the last five weeks of employment nor for the additional 47 overtime hours worked. Accordingly, Plaintiff Arraez is owed \$3,000.00 for unpaid wages (\$600 weekly salary x five weeks) and \$1,297.20 (\$3.45 x 47 hours = \$162.15, \$162.15 x eight weeks = \$1,297.20). The Court grants Plaintiff Arraez liquidated damages of \$4,297.20. The total award to Arraez is $\underline{\$8,594.40}$.

Plaintiff Carlos Ramirez, who was hired as a pizza chef, claims to have worked from November 7, 2011, through December 7, 2011, (four weeks) for approximately 85.5 hours at \$750.00 per week. Plaintiff Ramirez alleges he was not paid for his overtime during the four weeks of employment. Accordingly, Plaintiff Ramirez is owed \$799.00 in unpaid overtime wages. The Court grants Plaintiff Ramirez liquidated damages of \$799.00. The total award to Ramirez is $\underline{\$1,598.00.}$

Plaintiff Dario Silvestro, who was hired as a pizza chef, claims to have worked from November 2, 2011, through January 14, 2012, (nine weeks) at

---

[6] The Court finds that Plaintiff Arraez's hourly wage rate is well below the required federal and state minimum wage rates (Federal minimum wage rate was \$7.25 in 2010 and 2011, Florida minimum wage rate was \$7.25 in 2010 and 2011, Plaintiff was paid \$6.90 per hour throughout his employment). (*supra* note 3). However, Plaintiff Arraez has made no request to receive the difference between his paid wage rate and the minimum wage rate; therefore, the Court will not grant this relief at this time.

5

approximately 90 hours at $500.00 per week.[7] Plaintiff Silvestro alleges he was not paid for his last three weeks[8] of employment nor any overtime compensation for the additional 50 hours of work per week. Accordingly, Plaintiff Silvestro is owed $1,500.00 ($500.00 x three weeks) in unpaid wages and $1,251.00 ($5.56/2 = $2.78, $2.78 x 50 overtime hours = $139.00, $139.00 x nine weeks = $1,251.00) in overtime compensation. The Court grants Plaintiff Silvestro liquidated damages of $2,751.00. The total award to Silvestro is $5,502.00.

Plaintiff Circe Raymond, who was hired as a server, claims to have worked from February 17, 2012, through April 4, 2012, (seven weeks) for an average of 35 hours per week at $4.75 per hour plus tips. However, Plaintiff Raymond claims that during her last four weeks of employment she worked an average of 55 hours per week. Plaintiff Raymond alleges she never received compensation throughout her employment and is thus seeking to recover her earned wages.[9] Accordingly, Plaintiff Raymond is owed $498.75 for unpaid wages ($4.75 x 35 hours x three weeks), $760.00 for unpaid wages ($4.75 x 40

---

[7] The Court finds that Plaintiff Silvestro's hourly wage rate is well below the required federal and state minimum wage rates (Federal minimum wage rate was $7.25 in 2012, Florida minimum wage rate was $7.67 in 2012, but Plaintiff was paid $5.56 per hour in 2012). (*supra* note 3). However, Plaintiff Silvestro has made no request to receive the difference between his paid wage rate and the minimum wage rate; therefore, the Court will not grant this relief at this time.

[8] In the Motion for Entry of Default Judgment, Plaintiff Silvestro's calculation claims 3 weeks of unpaid wages but states he was not paid "for his final 5 weeks of work." (Mot. ¶8). The calculations in both the motion and affidavit are based on 3 weeks of unpaid wages. (Mot. ¶8 and Aff. ¶5). Thus, the Court will award the Plaintiff only 3 weeks of unpaid wages. Counsel is cautioned to review all calculations before submitting requests for unpaid wages and overtime compensation payments.

[9] The Court brings to counsel's attention that the calculations in Plaintiff Raymond's affidavit do not include payment for unpaid wages for the entire employment period. The affidavit does contain a statement by the Plaintiff acknowledging she never received any compensation throughout her employment (Aff. ¶5), which the Court construes as a request to be compensated. The Court will rule in favor of the Plaintiff, as previously stated, and award payment of unpaid wages.

hours x four weeks), $439.21 for unpaid tips, $427.80 for unpaid regular workweek overtime compensation (four weeks x 15 overtime hours x $7.13 ($4.75 x 1.5)), and $142.60 for unpaid Saturday overtime compensation ($7.13 x 20 hours).[10] The Court awards Plaintiff Raymond liquidated damages of $2,268.36. The total award to Raymond is $4,536.72.

Plaintiffs' attorney, Kelly Amritt, has requested compensation for 13.8 hours expended on this matter, at a rate of $350.00. The Court will grant the request for attorney's fees, in the total of $4,760.00[11], as reasonable for the worked performed in this case and will grant the request of $515.00 for taxable costs incurred in this matter, for a total of $5,275.00 in fees and costs.

In conclusion, based on the above, it is hereby

ORDERED AND ADJUDGED that Default Final Judgment be entered in favor of Plaintiffs and against Defendant Russian Palace, Inc., in the amount of seventy thousand, nine hundred thirty-three dollars and 48 cents ($70,933.48) (which includes a total of $65,658.48 in damages for the Plaintiffs - including

---

[10] Calculation of Plaintiff Raymond's damages requires review of the varying hours worked during her employment period; she also never received tips, and alleges that she was not paid for overtime hours worked. During the first 3 weeks of employment Plaintiff worked 35 hours per week, but during the last 4 weeks of employment she worked an average of 55 hours per week.

**Again, an error in calculation has been made by Plaintiffs' counsel.** Counsel claims 13.8 hours of work spent in this matter at a rate of $350.00, which would total $4,830.00. Instead, counsel seeks $4,760.00. The Court finds counsel's request for $4,760.00 in fees to be reasonable, and will not award $4,830.00 as, in any event, some of the time spent on various tasks reflected in the time sheet appears to have been excessive. Thus, the Court grants counsel a total of $4,760.00 in fees ($350.00 x 13.6 hours).

liquidated damages, and $5,275.00 in fees and costs) for which sum let execution issue.

DONE AND ORDERED IN Chambers in Miami this 11th day of July, 2013.

_/s/ Wm M Hoeveler_
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
    Kelly Amritt
        Rubenstein Law, P.A.
        2 South University Drive, Ste. 235
        Plantation, Florida 33324
    Russian Palace, Inc., c/o Dmitri Kotikovski
        1770 NE 205 Terrace
        North Miami Beach, Florida 33179
        3207 NE 163 Street
        North Miami Beach, Florida 33160