UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20624-CIV-HOEVELER

MAXIMILLIAN ABREU, DARIO SILVESTRO,
MICHELLE ZAPATA, CIRCE C. RAYMOND,
EUNICE URAMIARE, FRANCISCO R. ARRUNATEGUI,
JAVIER OITANA, JULIO CHENG, LEONARDO ARRAEZ,
AND CARLOS RAMIREZ, on their own behalves
and others similarly situated,

    Plaintiffs,
v.

RUSSIAN PALACE, INC., a Florida Profit Corporation
and DMITRI KOTIKOVSKI, individually,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT KOTIKOVSKI'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on the Defendant's motion for final summary judgment. The Court previously entered a default judgment against the Defendant Russian Palace, Inc., and entered a default against Defendant Kotikovski, individually. The Court has set aside the default entered against Defendant Kotikovski,[1] and the Defendant now seeks judgment in his favor.

Plaintiffs sued Defendants as a result of alleged violations of the Fair Labor Standards Act, 29 USC § 201 et seq. (FLSA), e.g., Plaintiffs complained that they

---

[1] This Court agreed to set aside the default which had been entered against individual Defendant Dmitri Kotikovski on January 17, 2014, after Defendant failed to appear at a pretrial conference despite having received notice of the conference.

were not paid overtime wages during their employment at the Russian Palace restaurant from 2010 to 2012, and that they were not paid any wages for the last several weeks of their employment.

After a default was entered against the corporate Defendant, this Court found that Plaintiffs' allegations were sufficient to establish liability and entered a Default Final Judgment on July 15, 2013, in favor of Plaintiffs and against Defendant Russian Palace, Inc., in the amount of $70,933.48 (ECF No. 30). The entry of a default judgment in this case has the effect of establishing liability as to the defaulted defendant (here, the corporate Defendant) as stated in the Complaint, as all factual allegations against the defaulted defendant are taken as true. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). The corporate Defendant also is precluded from contesting such facts on appeal. Id. "[A] defaulted defendant is deemed 'to admit[ ] the plaintiff's well-pleaded allegations of fact.'" Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) *quoting* Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Plaintiffs' claims against the individual Defendant, however, remain at issue and Defendant Kotikovski is free to challenge the factual sufficiency of Plaintiffs' Complaint. To be eligible to claim overtime wages pursuant to the FLSA, a plaintiff employee must first establish that she is covered by the FLSA. Briefly stated, a plaintiff can establish coverage by showing that either she was covered because the employer was subject to the FLSA under a theory of "enterprise coverage" (because the employer had employees engaged in interstate commerce

and had gross annual revenue of at least $500,000) or that the employee herself was covered individually (because she regularly and directly participated in the movement of things or persons in interstate commerce).

Defendant asserts that he is not liable because Plaintiffs' employment was not subject to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* and, therefore, he cannot be held liable individually. Specifically, Defendant argues that his restaurant (the corporate Defendant against whom default judgment already has been entered) did not have the requisite $500,000 in gross annual revenue to establish "enterprise coverage" under the FLSA, nor were the Plaintiffs eligible for individual coverage under the FLSA.

Enterprise coverage

Defendant has presented evidence that his restaurant did not meet the threshold income requirement to establish enterprise coverage under the FLSA. Defendant has provided his own affidavit, ECF No. 53-1, supplemented by copies of the income tax returns for his corporation, revealing that the gross revenue for 2010 was $0, for 2011 was $24,694, and for 2012 was $85,125.

Plaintiff has offered no evidence in response to the filing of these tax returns and instead relies on the statements of the Plaintiffs that they "believe that Defendant grossed in excess of $500,000 in annual sales." Such statements are insufficient to create a disputed issue of fact as to the question of gross annual

revenue, and therefore Defendant is entitled to summary judgment as to the question of enterprise coverage under the FLSA.

Individual coverage

Defendant argues that there should be no finding of individual coverage as to the Plaintiffs, who served as cooks and waiters at the local restaurant. According to the FLSA, an employer must pay overtime to employees who were engaged in commerce or engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1). "[F]or an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce ...." Thorne v. All Restoration Servs., 448 F.3d 1264, 1266 (11th Cir. 2006). This can be established by demonstrating regular use of "the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." Id.

Plaintiffs allege in their Complaint that they were engaged in commerce and that they "utilized and handled equipment and goods manufactured and purchased from outside the State of Florida" and that they were "engaged in the 'production of goods for commerce.'" Complaint, ¶¶ 7, 14. Each of the Plaintiffs also has stated that they were "individually engaged in commerce to the extent that I regularly serviced out-of-state customers, and utilized equipment manufactured outside of Florida to perform my job duties." See, e.g., Affidavit of Javier Oitana, ECF No. 16-3 (and identical statements from each of the Plaintiffs).

4

In response to Plaintiffs' Affidavits, Defendant offered his own affidavit, asserting that none of the Plaintiffs engaged in interstate commerce during their employment by Russian Palace, Inc. Specifically, Defendant states that none of the Plaintiffs used any instrumentalities of interstate commerce during their employment. Plaintiffs filed nothing in reply to the specific statements in Defendant's Affidavit.

To determine whether an employee engaged in interstate commerce, and thereby is subject to the FLSA's protections, the Court must determine whether the employee's activities "are actually in or so closely related to the movement of the commerce as to be a part of it." Joseph v. Nichell's Caribbean Cuisine, Inc., 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012). If an employee's work is only tangentially related to interstate commerce, that is insufficient to establish individual coverage. "For example, employees of a local exterminator service firm who worked wholly within the state exterminating pests in private homes and *in buildings used to produce goods for interstate commerce* are not individually covered under FLSA." Thorne v. All Restoration Servs., 448 F.3d 1264, 1269 (11th Cir. 2006) (emphasis added).

It is undisputed that seven of the Plaintiffs were cooks or chefs, one was a server and one was a manager.[2] These positions are not generally associated with

---

[2] The Affidavit filed by the manager, Plaintiff Zapata, also indicates that she believed that "[b]ased on my job duties performed, I understand that I would not normally be entitled to recover any compensation for my overtime hours worked." ECF No. 16-3, p. 5, ¶ 5.

the type of duties which have been considered to include "engaging in interstate commerce." Serving as wait staff or a cook in a local restaurant has not been found to be sufficient evidence of interstate commerce activities to permit a finding of individual coverage under the FLSA. Nichell's Caribbean Cuisine, 862 F. Supp. 2d at 1313-14. Nor has the Plaintiff who served as a manager offered sufficient evidence to raise a question of fact as to whether she is entitled to individual coverage. (Indeed, she appears to concede that as a manager she knew that she was not entitled to overtime.) Plaintiff Michele Zapata, along with each of the other Plaintiffs, has stated that she "regularly serviced out-of-state customers" and that she "utilized equipment manufactured outside of Florida" to perform her job, but has provided no other factual support for her assertion that she engaged in interstate commerce. As this case is before the Court on a motion for summary judgment, the Court construes all facts in the light most favorable to the non-moving party, the Plaintiffs. Even construing the Plaintiffs' evidence in the light most favorable to the Plaintiffs, the Court does not find that the Plaintiffs have raised a genuine dispute as to the question of whether their job duties constituted "interstate commerce." Simply stated, Plaintiffs have failed to establish that they are entitled to the protections of the FLSA under an individual coverage theory, and Defendant is therefore entitled to summary judgment on this issue.

Taking all of the evidence in the light most favorable to Plaintiffs, the Court cannot find that Plaintiffs have created a question of fact as to the issue of coverage

under the FLSA; Defendant Kotikovski is, therefore, entitled to summary judgment. Based on the above, it is

ORDERED AND ADJUDGED that Defendant Kotikovski's motion for final summary judgment is GRANTED. Judgment will be entered by separate order.

DONE AND ORDERED IN Chambers in Miami this 4th day of August 2014.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
　　counsel of record